**TAI HAM, an individual d/b/a Selectron Industrial Co. Ltd., Plaintiff–Appellee,**

v.

**SELECTRON INTERNATIONAL OPTRONICS, LLC; et al., Defendants–Appellants.**

No. 08–55073.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2009.\*

Decided April 21, 2009.

R.App. P. 34(a)(2).

Jiyoung Kym, Esq., Law Offices of Jiyoung Kym, Los Angeles, CA, for Plaintiff–Appellee.

Dana Michael Cole, Cole & Loeterman, Los Angeles, CA, for Defendants–Appellants.

** The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and QUIST,** District Judge.

MEMORANDUM ***

Defendants Selectron International Optronics, LLC, Selectron Management Corporation, and Richard Heathcote appeal the district court's denial of their two motions to enforce a settlement agreement they entered into with Plaintiff Tai Ham dba Selectron Industrial Company, Inc. We review factual findings for clear error, conclusions of law de novo, and the application of local rules for abuse of discretion. *See Aramark Facility Servs. v. Serv. Employees Int'l Union, Local 1877,* 530 F.3d 817, 822 (9th Cir.2008) (factual findings and conclusions of law); *Bias v. Moynihan,* 508 F.3d 1212, 1223 (9th Cir.2007) (local rules). For the following reasons, we affirm.

First, the district court did not err in denying Defendants' original motion to enforce the settlement agreement. *See Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987) ("[T]he district court may enforce only *complete* settlement agreements."). The district court's factual finding that the parties never agreed to the meaning of the ambiguous term "3 Beech Street" is not clearly erroneous. Because the parties did not have a meeting of the minds as to the meaning of this material term, the district court did not err in denying the motion to enforce the settlement agreement. *Id.*

Second, the district court did not, as Defendants claim, incorrectly confirm only a part of the arbitration award while disre-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

garding the remainder. *See New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir.2007) ("We review a district court's decision to vacate or confirm an arbitration award de novo.") (internal quotation marks omitted). Contrary to Defendants' assertion, the arbitrator did not rule that Defendants could enforce the settlement agreement. The arbitrator merely pointed out that he had no authority to grant a motion to enforce it, and referred Defendants to the district court. The district court did not "disregard" any portion of the arbitration award.

■ Finally, the district court did not abuse its discretion by treating Defendants' "revised" motion to enforce the settlement agreement as a motion for reconsideration, which is subject to the constraints imposed by Local Rule 7–18. *See Bias*, 508 F.3d at 1223 ("Broad deference is given to a district court's interpretation of its local rules."). Defendants' revised motion presented a new legal argument, the effect of which was to seek reconsideration of the court's prior ruling that the settlement agreement was not enforceable. The district court was within its discretion to decide that the motion was effectively a motion for reconsideration, and as such, was both untimely and not based on a proper ground for reconsideration.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.